1  MELINDA HAAG (CABN 132612)
   United States Attorney
2
   MIRANDA KANE (CABN 150630)
3  Chief, Criminal Division

4  DAMALI A. TAYLOR (262489)
   Assistant United States Attorney
5      450 Golden Gate Ave., Box 36055
       San Francisco, California 94102
6      Telephone: (415) 436-7200
       Fax: (415) 436-7234
7      E-Mail: damali.taylor@usdoj.gov

8  Attorneys for Plaintiff

**FILED**

APR 1 9 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ALBERTO QUINTERO, ) <br> ) <br> Defendant. ) | No. CR 3-12-70418 <br><br> STIPULATION AND [PROPOSED] ORDER CONTINUING PRELIMINARY HEARING DATE AND DOCUMENTING EXCLUSION OF TIME UNDER RULE 5.1 AND THE SPEEDY TRIAL ACT |

The parties appeared before the Court in this matter on April 18, 2012 for detention hearing. At the time of the hearing, Defendant, through his counsel, waived the issue of detention and the matter was set for preliminary hearing on April 30, 2012. The defendant, ALBERTO QUINTERO, represented by Hugh Levine, Esquire, and the government, represented by DAMALI A. TAYLOR, Assistant United States Attorney, hereby stipulate to vacate the April 30, 2012 date and instead continue the date for preliminary hearing to May 16, 2012 at 9:30 a.m. Defense counsel, who was just appointed in this matter, needs additional time to examine the evidence and investigate, to discuss a disposition with the government and to meet and confer with his client regarding discovery in this case before formal charges are filed. The government

ORDER EXLUDING TIME
Case No. CR 3-12-70406

has no objection to excluding time.

Based on these facts, the parties stipulate that the currently scheduled date for preliminary hearing, April 30, 2012, be continued to May 16, 2012, due to defense counsel's need to examine the evidence and investigate the matter before formal charges are filed. Accordingly, pursuant to Federal Rule of Criminal Procedure 5.1, the Court is required to conduct a preliminary hearing on or before May 16, 2012, unless, *inter alia*, the defendant, who is in custody, waives the preliminary hearing or is indicted.

The parties further stipulate, in order to review the discovery and to conduct investigation necessary to effectively prepare defendant for either trial or resolution, that time be excluded under the Speedy Trial Act between April 13, 2012, the date of defendant's initial appearance on the complaint, and May 16, 2012, the newly scheduled preliminary hearing date. The additional time is necessary to review the evidence and investigate the case, and it is in the best interests of the defendant to do so before formal charges are filed.

The parties agree that the ends of justice served by granting such an exclusion of time outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

SO STIPULATED:

MELINDA HAAG
United States Attorney

DATED: April 18, 2012

/s/
DAMALI A. TAYLOR
Assistant United States Attorney

DATED: April 18, 2012

/s/
HUGH LEVINE
Counsel for the Defendant

ORDER EXLUDING TIME
Case No. CR 3-12-70406                            -2-

[PROPOSED] ORDER

For the foregoing reasons, the Court HEREBY ORDERS that the preliminary hearing in this matter is re-set from April 30, 2012 to May 16, 2012, at 9:30 a.m., before the Honorable Paul S. Grewal. The Court finds that good cause is shown for extending the time limits set forth in Federal Rule of Criminal Procedure 5.1(c), and, further, concludes that the extension is proper under Rule 5.1(d) and Title 18, United States Code, Sections 3060 and 3161.

The Court finds that the failure to grant the requested extension would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court finds that the ends of justice served by granting the requested extension outweigh the best interests of the public and the defendant in a speedy trial and in the prompt disposition of criminal cases. The Court also concludes that an exclusion of time from April 13, 2012 through and including May 16, 2012, should be made under Title 18, United States Code, Sections 3161(h)(7)(A) and 3161(h)(7)(B)(iv). The Court also finds that the ends of justice served by excluding the period from April 13, 2012 through and including May 16, 2012, outweigh the best interest of the public and the defendant in a speedy trial. Id. § 3161(h)(7)(A).

**IT IS SO ORDERED.**

Dated: 4/19/12

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE